IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF THE STATE OF TENNESSEE

| | |
|---|---|
| JACQUELINE STEUBBEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No._____ |
| ) | |
| CHARTWELL HOSPITALITY, LLC ) | |
| d/b/a HILTON HOTEL ) | |

## COMPLAINT

Plaintiff, Jacqueline Steubbel, for her causes of action against Chartwell Hospitality, LLC *d/b/a* Hilton Hotels would show:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jacqueline Steubbel, is a citizen of the State of Tennessee currently residing in Franklin, TN.

2. Defendant, Chartwell Hospitality, LLC is a Delaware limited liability company with its principal office located 5000 Meridian Way, Suite 750, Franklin, TN 37067-6681. Defendant may be served through its registered agent for service of process National Registered Agents, Inc., 300 Montvue Road, Knoxville, TN 37919-5546.

3. Venue and jurisdiction are proper in the United States District Court, Middle District of Tennessee as this claim is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, *29 U.S.C. §623 et. seq.*, and the Americans with Disabilities Act, as amended*, 42 U.S.C. §12101 et. seq.* and arises out of Plaintiff's former employment at the Hilton hotel located

1

at 601 Corporate Center Drive, Franklin, TN 37067.  This Court has supplemental jurisdiction over the related Tennessee Human Rights Act state law claims pursuant *28 U.S.C. §1367*.

## FACTUAL ALLEGATIONS

4. Defendant Chartwell Hospitality, LLC *d/b/a* Hilton (herein after Hilton or Defendant) owns and operates the Hilton hotel located at 601 Corporate Center Drive, Franklin, TN 37067. Defendant is an employer as that term is used in Age Discrimination in Employment Act, American's with Disabilities Act, and the Tennessee Human Rights Act.

5. Plaintiff is a White 79-year-old female former employee of Defendant.  Plaintiff began her employment as the Night Auditor at the Hilton hotel located at 601 Corporate Center Drive, Franklin, TN 37067 on October 7, 2019. The Night Auditor typically works solo at the hotel front desk from 11:00 p.m. to 7:00 a.m., and is responsible for check-in and check-out procedures, reservations, hotel services including security, as well as nightly accounting and close-out, and daily report writing. Plaintiff excelled at the position, had been nominated for *"Employee of the Month"* twice in 2022, earned frequent guest commendations and had perfect attendance during her 3.5-year employment with Hilton.

6.  Plaintiff is disabled as that term is defined in the ADEA.  Plaintiff, an honorary discharged military veteran, worked as a journalist during the Bosnian war and suffered an injury to her right knee which requires her to use a cane for general mobility.  The injury substantially impacts Plaintiff's ability to walk.

7. In August 2022 Plaintiff applied for the position of Food and Beverage Supervisor at the Hilton hotel where she worked, a position for which she was fully qualified, including having extensive work experience, supervisory experience, and a Master's Degree.  Nevertheless, Defendant gave the position to a 43-year-old without any supervisory experience, but also without

a disability.  In September of 2023 Plaintiff applied for the position of Front Office Supervisor at Hilton.  Again, Hilton passed over Plaintiff and gave the position to a 26-year-old without a college degree, without supervisory experience, and without a disability.  Hilton's HR Director, Kara Lacko told Plaintiff in both instances that she was denied the promotions because of her physical limitations.  Plaintiff was fully capable of performing the essential functions of both positions with or without a reasonable accommodation.

8. As a Night Auditor, Plaintiff typically worked alone at the hotel front desk.  Periodically she would encounter unruly guests, or activity in the parking lot which raised concerns for her safety and the safety of guests.  It was not uncommon for Plaintiff to call the Franklin, TN police department to drive through the parking lot or assist in any unusual situation.  Plaintiff was in fact encouraged by Hilton to call the police whenever she felt unsafe or uneasy with a situation while working alone.

9. One such occasion occurred on January 19, 2023.  It was a very stormy night, and there was a man outside near the front side lobby doors around 2:00 a.m. who was walking back and forth and seemed agitated.  Plaintiff did not know if this person was a guest, but she was concerned for his well being and telephoned the Franklin Police to perform a welfare check.  The police did perform a welfare check and spoke to the individual, but not to Plaintiff.  It turned out that he was a  guest, who happened to be Black.  The gentleman later came down to the front desk, asked for more towels, which Plaintiff provided, and requested the manager's card.  The next day the guest complained to Hilton that Plaintiff had called the police because he was Black and discriminated against him. Nothing could be further from the truth, as Plaintiff didn't even know the gentleman's race when she placed the call because he was outside, it was dark, and she did not get a good look at him.

3

10. On January 20, 2023, Jonathan Cameron, Regional Manager over the Franklin Hilton location, met with Plaintiff, accused her of racially profiling the guest, and terminated her. Upon information and belief, the guest threatened to sue Hilton, and Hilton later settled with him for an undisclosed amount. Upon information and belief, Plaintiff was replaced by a male in his mid-twenties without a disability.

## ADMINISTRATIVE PREQUISTES

11. Plaintiff timely filed a charge with the EEOC, Charge No. 494-2023-01342 alleging age discrimination, disability discrimination, and retaliation. On July 6, 2023, the EEOC issued its Determination and Notice of Right to Sue. This complaint is being timely filed within 90 days of the Right to Sue.

## CAUSES OF ACTION

### COUNT I – AGE DISCRIMINATION IN EMPLOYMENT ACT, *29 U.S.C. §623 et. seq.,* TENNESSEE HUMAN RIGHTS ACT, *T.C.A. §4-21-401 et seq.*

12. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

13. Defendant has discriminated against Plaintiff, 79, because of her age. Plaintiff is a member of a protected class. Plaintiff applied for the Food and Beverage Supervisor position and Front Office Supervisor position and was qualified for both. Plaintiff was considered but denied the promotions. Defendant filled both positions with individuals who were less qualified than Plaintiff, but who were either outside of the protected class, or substantially younger than Plaintiff.

14. Plaintiff was ultimately terminated from her Night Auditor position and replaced by someone outside of her protected class.

15. Defendant is liable to Plaintiff for all economic damages she has suffered, including back pay and front pay, and compensatory non-economic damages for her emotional distress,

humiliation, and embarrassment. Defendant is further liable for Plaintiff's attorneys' fees and costs incurred in bringing this action, as allowed under ADEA and the THRA.

### COUNT II – AMERICANS WITH DISABILITIES ACT, *42 U.S.C. §12101 et. seq;* TENNESSEE HUMAN RIGHTS ACT, *T.C.A. §4-21-401 et. seq.*

16. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

17. Alternatively, or in addition to, Defendant has discriminated against Plaintiff because of her disability. Plaintiff has a disability, and Defendant was aware of the disability. She sought and was otherwise qualified for the positions of Food Service Supervisor and Front Office Supervisor but was denied those promotions and was informed she was denied because of her physical condition.

18. Ultimately, Plaintiff was terminated from her Night Auditor position and replaced with someone without a disability.

19. Defendant is liable to Plaintiff for all economic damages she has suffered, including back pay and front pay, and compensatory non-economic damages for her emotional distress, humiliation, and embarrassment. Defendant is further liable for Plaintiff's attorneys' fees and costs incurred in bringing this action, as allowed under ADA and the THRA.

### COUNT III – RACE DISCRIMINATION, TENNESSEE HUMAN RIGHTS ACT, *T.C.A. 4-21-401 et. seq.*

20. Paragraphs 1 through 11 are incorporated herein by reference as though fully set forth.

21. Defendant has discriminated against Plaintiff because of her race. Plaintiff is White, and was accused of discrimination and racial profiling by a Black guest. Rather than accept the word of Plaintiff, a long-term employee, that race had nothing to do with her decision to call the

police for a welfare check for the guest, Defendant terminated Plaintiff immediately without conducting any meaningful investigation. Plaintiff was terminated because she was White. Had she been Black, she undoubtedly would have kept her job.

22. Defendant is liable to Plaintiff for all economic damages she has suffered, including back pay and front pay, and compensatory non-economic damages for her emotional distress, humiliation, and embarrassment. Defendant is further liable for Plaintiff's attorneys' fees and costs incurred in bringing this action, as allowed under the THRA.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays judgment be entered against Defendant in an amount to be proven at trial, including back pay and front pay, and compensatory non-economic damages for her emotional distress, humiliation, and embarrassment, plus her attorney's fees and costs. Plaintiff further demands a jury hear all triable issues, and all other relief the Court deems equitable and appropriate.

Respectfully submitted,

*/s/Mathew R. Zenner*
Mathew R. Zenner (TN BPR 018969)
ZENNER LAW, PLLC
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
(615)425-3476
mrzennerlaw@gmail.com